IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**KEAN S. WOODLAND,**

     Petitioner,

v.                                  Civil Action No. **3:11CV317**

**ERIC D. WILSON,**

     Respondent.

**MEMORANDUM OPINION**

Kean S. Woodland, a federal inmate, submitted this petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("§ 2241 Petition"). Woodland contends that the BOP failed to properly execute his sentences. Specifically, Woodland essentially raises two grounds for relief:

Claim One    The BOP erred in aggregating Woodland's Firearm and Bank Robbery Sentences.[1]

Claim Two    The BOP should have awarded Woodland 120 days of Good Conduct Time on his Firearm Sentence.

Respondent has moved to dismiss. Woodland has responded. As explained below, Claim One is moot and Claim Two lacks legal merit.

**I. Pertinent Procedural History**

**A.    The Firearm Sentence**

On June 15, 2004, state authorities arrested Woodland on state charges involving narcotics and firearms. Woodland remained detained in state custody following his arrest. On October 7, 2004, a federal grand jury in the United States District Court for the District of Maryland indicted Woodland on the charge of possession of a firearm by a convicted felon, with

---

[1] Subsequent to the filing of the present § 2241 Petition, the BOP recalculated Woodland's sentences. Respondent has responded and moved to dismiss on the ground that Claim One is moot.

the offense conduct having occurred on June 15, 2004. On November 10, 2004, the State of Maryland dismissed the pending state charges. On November 12, 2004, the United States Marshals Service took custody of Woodland.

On August 31, 2005, Woodland was released on bond in his pending federal criminal case. On May 19, 2006, the Maryland District Court sentenced Woodland to 27 months of imprisonment for possession of a firearm by a convicted felon ("Firearm Sentence"). The Maryland District Court allowed Woodland to remain on bond. Woodland was directed to surrender to the institution designated by the BOP on June 19, 2006. On June 19, 2006, however, Woodland failed to surrender to the BOP in order to commence his Firearm Sentence.

## B.    The Bank Robbery Sentence

On July 20, 2006, Woodland was apprehended after committing a new offense, bank robbery. Woodland remained in federal custody following his arrest. Woodland pled guilty to bank robbery in the Maryland District Court. On August 29, 2007, the Maryland District Court sentenced Woodland to 70 months of imprisonment ("Bank Robbery Sentence") to run consecutive to his Firearm Sentence.

## C.    The BOP's Initial Computation of Petitioner's Sentences

Initially, the BOP aggregated Woodland's Firearm and Bank Robbery Sentences. Neither Respondent nor Woodland specifically explains how this aggregation affected the computation of Woodland's sentences.

**D.  Woodland's § 2241 Petition**

On May 12, 2011, the Court received Woodland's § 2241 Petition. In the § 2241

Petition, Woodland asserted that the BOP had incorrectly computed his sentence by aggregating

his Firearm and Bank Robbery Sentences. (§ 2241 Pet. Attach, Central Office Administrative

Remedy Appeal.) Specifically, Woodland complains,

> [M]y [Firearm Sentence] began to run at the moment of my arrest. Because of this my [Firearm Sentence] ended well in advance of my ever receiving my [Bank Robbery Sentence]. I am asking that my congressionally mandated good conduct time, which was never taken from me, be applied to my [Firearm Sentence] and that it end as it should've, on or about 04–1–2007. As of right now my sentence is not being correctly computed and it has the effect of sentencing me to more time than I am supposed to lawfully serve. I am asking the courts instruct the FBOP to compute my [Firearm Sentence] on its own as it ended well in advance of the [Bank Robbery Sentence] ever even existing. And this should have the effect of crediting me with just about (6) months of time that I am owed, and it is at the date of about 4-1-2007 that my [Bank Robbery Sentence] should begin.

(§ 2241 Pet. 3 (spelling corrected).)

**E.  BOP's Recomputation of Woodland's Sentences Following His § 2241 Petition**

In the wake of Woodland's § 2241 Petition, the BOP determined that Woodland's

Firearm and Bank Robbery sentences "had been aggregated improperly." (Mot. Dismiss 4.)

Patricia Kitka, a Management Analyst with the BOP, explains,

> Aggregation is typical in cases involving consecutive sentences. However, in this case, the 27-month term commenced on July 20, 2006, and resulted in a release date of April 19, 2007. *See* Attachment 7, at 4. This date was prior to the imposition of the second sentence on August 29, 2007. *Id.* at 1. Therefore, aggregation of these terms is not applicable or appropriate, as aggregation of the terms is inconsistent with 18 U.S.C. § 3585. As a result, the BOP has de-aggregated the two sentences and re-calculated them independent of one another . . . . Based upon the corrected computations, there was a one-day consequence to Mr. Woodland's release date, and he is anticipated to release from BOP custody on June 12, 2012.

3

(Resp't's Mot. Dismiss Kitka Decl. ¶ 19.)  Under the BOP's current computation, the Firearm Sentence commenced on July 20, 2006, the date the Maryland District Court imposed that sentence. (*Id.* ¶ 16.)  Woodland received prior custody credit for the period of June 15, 2004 (the date of his initial arrest) through August 31, 2005, the date the Maryland District Court released Woodland on bond, for a total of 443 days. (*Id.*)  "Based upon this calculation, Mr. Woodland satisfied the [Firearm Sentence], via the earning and application of 106 days of good conduct time, on April 19, 2007." (*Id.*)

"[T]he BOP prepared a second sentence computation for Mr. Woodland, commencing his [Bank Robbery Sentence] on August 29, 2007, the date the sentence was imposed." (*Id.* ¶ 17.) Woodland "received prior custody credit for the period of April 20, 2007, the date after his release from the 27-month sentence, through August 28, 2007, the date prior to the imposition of the sentence, for a total of 131 days." (*Id.*)  Under this calculation, Mr. Woodland is projected to satisfy the Bank Robbery Sentence "on June 12, 2012, via the projected earning of good conduct time." (*Id.*)

**F.     Woodland's Response to the Motion to Dismiss**

Woodland contends that the BOP should have awarded him 120 days of good conduct credit for his Firearm Sentence instead of the 106 days of good conduct time awarded by the BOP.

## II. Analysis

**A.     Claim One**

"A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998)

(*citing Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). No case or controversy exists unless the petitioner has suffered an actual injury that can "be redressed by a favorable judicial decision." *Spencer*, 523 U.S. at 7 (*quoting Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). Because Woodland has received the relief he requested with respect to Claim One— deaggregation of his Firearm and Bank Robbery—Claim One will be DISMISSED AS MOOT. *See Johnson v. Finnan*, 252 F. App'x 98, 99 (7th Cir. 2007) (restoration of good time credits renders moot inmate's habeas challenge).

**B.     Claim Two**

In Claim Two, Woodland contends that he should have received 120 days of good time credit on his Firearm Sentence rather than the 106 days of good time credit the BOP awarded Woodland. Woodland is mistaken.

The relevant statute provides, in pertinent part:

> [A] prisoner who is serving a term of imprisonment of more than 1 year . . . may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. . . . Credit that has not been earned may not later be granted. . . . [C]redit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

18 U.S.C. § 3624(b)(1). Under this statute, inmates only earn good time credits for time actually served. *Barber v. Thomas*, 130 S. Ct. 2499, 2504–05 (2010). The Supreme Court has rejected the argument—implicit in Woodland's Claim Two—that an inmate should receive

5

good time credits based upon the total length of the sentence imposed, rather than the time actually served.[2] *Id.* at 2504. Claim Two lacks legal merit and will be DISMISSED.

The Motion to Dismiss (Docket No. 9) will be GRANTED. The petition for a writ of habeas corpus will be denied and the action will be dismissed.

An appropriate Order shall accompany this Memorandum Opinion.

                                    _____/s/_____
                                    John A. Gibney, Jr.
                                    United States District Judge

Date: 5\21\12
Richmond, Virginia

---

    [2] If Woodland had *served* 27 months in custody on the Firearm Sentence he might have received 120 days of good time credit—108 days of good time credits for the first two years (54 days per year) and 12.3 days for the remaining 3 months. Woodland, however, only spent 443 days in custody on the Firearm Sentence.